IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2013 SEP 25 P 2: 06

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Warden Leroy Cartledge; Classification )<br>Headperson of McCormick Prison; )<br>Major F. Musier; DHO Ms. Glidewell; )<br>and Sgt. L. Henderson, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 3:12-3182-SB<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Shaheen Cabbagestalk's ("the Plaintiff" or "Cabbagestalk") pro se complaint filed pursuant to 42 U.S.C. § 1983. When he filed his complaint, the Plaintiff was an inmate at the McCormick Correctional Institution ("McCormick") of the South Carolina Department of Corrections ("SCDC"), but he has since been transferred to the Lee Correctional Institution. The Plaintiff filed motions for preliminary injunctions on November 13, 2012, and May 16, 2013, and motions for summary judgment on January 22 and March 11, 2013. The Defendants filed a motion for summary judgment on April 22, 2013, following which the Plaintiff received an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing him of the need to respond to the Defendants' motion. The Plaintiff filed a response to the Defendants' motion on May 16, 2013, and the Defendants filed a reply on May 29, 2013.

This matter was referred to United States Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C. On June 21, 2013, Magistrate Judge Joseph R. McCrorey issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court deny the

Plaintiff's motions (for preliminary injunctive relief and for summary judgment) and grant the Defendants' motion for summary judgment. The Plaintiff filed objections to the R&R, and the matter is ripe for review.

## BACKGROUND

Myrisha Lee is the case manager of classifications at McCormick and is not a named Defendant in this case. In her affidavit, she asserts that Cabbagestalk's caseworker, Rachel Saltsburg, conducted an annual review of Cabbagestalk and presented a recommended security change from MI 3 to MI 2 at an Institute Classification Committee ("ICC") meeting on October 2, 2012. (Entry 36-1 at 4.)[1] The ICC agreed with the recommendation, but the day after the meeting, on October 3, 2012, Defendant Sgt. L. Henderson charged Cabbagestalk with the offense of "threatening to inflict harm." A hearing on this charge occurred on October 25, 2012, and Cabbagestalk appeared and pleaded not guilty. At the hearing, the disciplinary hearing officer, Defendant Allison Glidewell ("Glidewell"), lowered the charge from "threatening to inflict harm" to "disrespect" and found Cabbagestalk guilty of the lesser charge and sentenced him to 90 days of disciplinary detention ("DD"). Warden Leroy Cartledge ("Cartledge"), who is also a Defendant in this case, approved Glidewell's decision. According to Cartledge's affidavit, when the Defendant was sanctioned for "disrespect," he still had several months of DD time left from a July 2011 conviction for exhibitionism and public masturbation, for which he had received 360 days of DD that had been suspended on April 3, 2012. Based on the



---

[1] MI 2 custody refers to "Custody Level Minimum In" and "Security Level 2" (with a range of 1-3 possible, 1 being the least restrictive and 3 being the most restrictive). The Plaintiff contends that he was cleared for MI 2 custody but is being improperly held in MI 3 custody.

2

disciplinary conviction for "disrespect," the prior unexpired DD time was reinstated, and the Plaintiff was placed on lock-up and housed in the SMU. (Entry 35-2 at 2-6.) Ultimately, State Classification in Columbia reviewed Cabbagestalk's case and on November 12, 2012, denied his classification change from MI 3 to MI 2 because he was in lock-up as a result of being found guilty of "disrespect."

In this action, the Plaintiff asserts that the Defendants violated his due process rights when they reduced his disciplinary charge for "threatening to inflict harm" to "disrespect" without 24 hours of notice but still treated it as a major disciplinary infraction, resulting in his inability to receive a lower security classification. In addition, the Plaintiff contends that he was discriminated against and retaliated against when he was placed in disciplinary segregation in the Special Management Unit ("SMU") after being found guilty of the "disrespect" charge, and that the Defendants conspired against him to place him in SMU to prevent him from receiving a lower security classification.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).



## II.  Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson, 477 U.S. at 248.

## DISCUSSION

In the R&R, the Magistrate Judge determined that the Defendants were entitled to summary judgment because (1) Cabbagestalk failed to exhaust his administrative remedies; (2) no due process violation occurred in connection with the administrative hearing; (3) no constitutional violation occurred with respect to his disciplinary classification because prisoners generally do not have a constitutionally protected liberty interest in a particular security classification; (4) Cabbagestalk's bare assertions of discrimination and



retaliation do not establish a constitutional claim; (5) Cabbagestalk's bare assertions of a conspiracy do not establish a constitutional deprivation; and (6) the Defendants are entitled to qualified immunity because Cabbagestalk failed to show a violation of any clearly established constitutional right. In addition, the Magistrate Judge considered the Plaintiff's motions for preliminary injunctive relief and determined that he failed to demonstrate that he was likely to succeed on the merits; that he was likely to suffer irreparable harm absent injunctive relief; that the balance of equities tipped in his favor; or that an injunction was in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Magistrate Judge also recommended that the Court deny the Plaintiff's motions for summary judgment.

The Plaintiff filed objections to the R&R, stating that he objects to the "entire R&R." (Entry 50 at 1.) The Plaintiff's objections are difficult to decipher, but in general, he rehashes his arguments that he was wrongfully charged with "disrespect" and unlawfully prevented from obtaining a reduced classification level of MI 2, and he contends that he did exhaust his administrative remedies. On a few occasions, the Plaintiff asserts that the Magistrate Judge is either intoxicated, prejudiced, or biased based on his findings, and he claims that the Defendants' arguments are all lies. (Id. at 2-5.)

After a thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and outlined the law, and the Court therefore adopts the R&R and incorporates it by specific reference. In addition, the Court finds that the Plaintiff's objections lack merit and fail to point to any factual or legal error sufficient to alter the Magistrate Judge's recommendations.

To summarize briefly, the Court agrees with the Magistrate Judge that it appears

5

that the Plaintiff failed to exhaust his administrative remedies. Nevertheless, even assuming that the Plaintiff *did* exhaust his administrative remedies, the Court still agrees with the Magistrate Judge that the Defendants are entitled to summary judgment for the following reasons.

First, the Plaintiff failed to establish that the Defendants violated his constitutional rights in connection with the administrative hearing or his security classification. With respect to the administrative hearing, the fact that Defendant Glidewell reduced his charge from "threatening to inflict harm" to "disrespect" without providing him with 24 hours of notice does not amount to a constitutional violation. She reduced the charge to a lesser-included offense as permitted by the SCDC Policy and Procedure Manual. More importantly perhaps, the Plaintiff did not suffer from the loss of his liberty interest in a shorter sentence (resulting from any good-time credits) such that the due process protections outlined in Wolff v. McDonnell apply.[2] See 418 U.S. 529, 563-76 (1974); see also Sandin v. Conner, 515 U.S. 472, 483 (1995) (finding that a prisoner's discipline in segregated confinement did not present the type of atypical, significant deprivation implicating a liberty interest and noting that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law"). Second, with respect to the Plaintiff's security classification, prisoners generally do not have a constitutionally protected liberty interest in a particular security classification or prison placement, absent the imposition of atypical and significant hardship



---

[2] In Wolff, the Supreme Court held that due process requires that a prisoner receive 24 hours written notice of charges prior to a disciplinary hearing when that hearing may result in the loss of good-time credits. 418 U.S. at 563-76.

on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 483. Here, the Court agrees with the Magistrate Judge that the Plaintiff's disciplinary classification did not result in the imposition of atypical and significant hardship in relation to the ordinary incidents of prison life. In addition, to the extent that the Plaintiff asserts that the Defendants failed to follow SCDC policies and procedures as to his custody classification, such allegations, standing alone, do not amount to a constitutional claim.

Next, with respect to the Plaintiff's retaliation and discrimination claims, the Court agrees with the Magistrate Judge that other than the Plaintiff's bare assertions, the record is entirely devoid of evidence to show either that the Plaintiff was placed in SMU in retaliation for the previous lawsuits he filed or that he was placed in SMU as an act of discrimination. Stated simply, the Plaintiff's vague and conclusory allegations, standing alone, are insufficient to state a constitutional claim. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995) ("[I]n the prison context, we treat [claims of retaliation] with skepticism because '[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct.'"); Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (""[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated.").

As with his retaliation and discrimination claims, the Court also agrees with the Magistrate Judge that the Plaintiff failed to present evidence to establish a civil conspiracy under section 1983. To establish such a conspiracy, the Plaintiff must present evidence that the Defendants acted jointly in concert, and that some overt act was done in



7

furtherance of the conspiracy, which resulted in the Plaintiff's deprivation of a constitutional right. Although the Plaintiff need not come forward with direct evidence of a meeting of the minds, he must provide some specific circumstantial evidence that each member of the alleged conspiracy shared the same unlawful objective. Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Here, the Plaintiff has not offered any evidence, direct or circumstantial, to show either a meeting of the minds to deprive him of a constitutional right or any underlying constitutional deprivation.

Finally, as the Plaintiff failed to show that the Defendants violated any of his clearly established constitutional rights, the Court agrees with the Magistrate Judge that the Defendants are entitled to qualified immunity.

In summary, the Court agrees with the Magistrate Judge that the Defendants are entitled to summary judgment. Moreover, the Court finds that the Plaintiff is not entitled to preliminary injunctive relief as he has not shown a likelihood of success on the merits or any of the other factors set forth in Winter 555 U.S. at 20. Lastly, having found that the Defendants are entitled to summary judgment, the Court agrees with the Magistrate Judge that the Plaintiff is not entitled to summary judgment.

## CONCLUSION

For the reasons set forth herein, it is hereby

**ORDERED** that the R&R (Entry 48) is adopted and incorporated herein by specific reference; the Plaintiff's motions for summary judgment (Entries 23 and 30) are denied; the Plaintiff's motions for preliminary injunctive relief (Entries 3 and 41) are denied; the Defendants' motion for summary judgment (Entry 35) is granted; any remaining motions

8

are deemed moot; and this matter is ended.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 25, 2013
Charleston, South Carolina

